IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00217-GPG

FIDELINA ARGUETA-VICENTE,

    Applicant,

v.

JOHN LONGSHORE, USDHS - ICE, Denver,

    Respondent.

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Fidelina Argueta-Vicente, alleges that she is in the custody of federal immigration authorities or a contracting agency. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and has paid the $5.00 filing fee.

The Application indicates that Applicant is challenging the "BI/ISAP supervision 'scam.'" However, the application is deficient because Applicant does not assert any claims for relief and does not provide any supporting facts. Instead, Applicant simply states that the Court should reference the claims in two other cases filed in this Court. Although the Court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Applicant will be ordered to file an amended application if she wishes to pursue any claims in this action.

Applicant is advised that habeas corpus relief is warranted only if she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must identify the specific federal constitutional right allegedly violated in each claim she is asserting and she must provide specific factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Applicant file an amended application that provides a clear statement of the federal constitutional claims she is asserting.  It is

FURTHER ORDERED that Applicant shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED February 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge